**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| AHMED MOHAMMED, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: |
| | ) | |
| WESTCARE FOUNDATION, INC., WESTCARE | ) | |
| ILLINOIS, INC., JOE BURNETT, THOMAS J. DART, | ) | |
| Cook County Sheriff, COOK COUNTY, ILLINOIS, | ) | |
| and, UNKNOWN EMPLOYEES AT COOK COUNTY | ) | |
| JAIL, | ) | |
| | ) | JURY DEMANDED |
| Defendants. | ) | |

**COMPLAINT**

NOW COMES, the Plaintiff, AHMED MOHAMMED, by and through his attorney,

MARC E. GOTTREICH, and for his Complaint at Law against Defendants states as follows:

**PARTIES**

1.     Plaintiff, AHMED MOHAMMED, is a resident of the State of Illinois and at the

time of the incident as alleged in this Complaint, on or about November 1, 2015, was an inmate

incarcerated in the Cook County Department of Corrections, ("CCDOC") in the Division 3

Annex, at 2700 S. California Avenue in the City of Chicago, County of Cook in the State of

Illinois.

2.     On November 1, 2015, and at all times relevant, Plaintiff, AHMED

MOHAMMED, was a client of Defendants, WESTCARE FOUNDATION, INC., and

WESTCARE ILLINOIS, INC., hereinafter, "WESTCARE", and was receiving substance abuse

treatment as part of a substance abuse program at the Cook County Department of Corrections,

hereinafter, "CCDOC".

3.  Defendant, JOE BURNETT, is a resident of the State of Illinois and at the time of the incident alleged in Plaintiff's Complaint, on or about November 1, 2015, was an inmate incarcerated in the CCDOC residing in Division 3 Annex, at 2700 S. California Avenue in the City of Chicago, County of Cook in the State of Illinois.

4.  On or about November 1, 2015, and at all times relevant, Defendant, WESTCARE ILLINOIS, INC., was an Illinois Not-For-Profit Corporation headquartered in Nevada which contracts with the Cook County Jail to provide services, including but not limited to treatment for substance abuse to inmates of the CCDOC at 2700 S. California Avenue in Chicago, Illinois.  Based upon information and belief, Defendant, WESTCARE, was responsible for providing medical services to CCDOC detainees, including but not limited to administration of a certain substance abuse program within the CCDOC, in which both Plaintiff, AHMED MOHAMMED and Defendant, JOE BURNETT, were clients on November 1, 2015.

5.  On or about November 1, 2015, and at all times relevant, Defendant, WESTCARE FOUNDATION, INC., hereinafter "WESTCARE", was a Nevada Not-For Profit Corporation headquartered in Nevada and contracts with the Cook County Jail to provides services, including but not limited to treatment for substance abuse to inmates of the CCDOC located at 2700 S. California Avenue in Chicago, Illinois.

6.  On or about November 1, 2015, and at all times relevant, Defendant, THOMAS J. DART, was the duly elected acting Sheriff of Cook County and chief administrator of the CCDOC responsible for the day-to-day operations of the CCDOC including but not limited to operations at the Cook County Jail located at 2700 S. California Avenue in Chicago, Illinois.  At all times relevant, Defendant, THOMAS J. DART, was acting under the color of law and in the course and scope of his employment as agent, servant and official policymaker for the

Defendant, COOK COUNTY, ILLINOIS, on issues relating to the care of prisoners in the CCDOC, as well as the policies, procedures and customs and the acts and omissions challenged by this suit. Defendant, THOMAS J. DART, was at all times relevant the commanding officer of all Cook County Sheriff's Deputies, correctional officers and jail employees and was responsible for their training, supervision and conduct. THOMAS J. DART is sued in his individual and official capacities as Cook County Sheriff.

7. On November 1, 2015, and at all times relevant, Defendant, UNKNOWN EMPLOYEES AT COOK COUNTY JAIL, were acting as agents, servants and/or employees of Defendants, COOK COUNTY, ILLINOIS and/or WESTCARE.

8. Defendant, COOK COUNTY, ILLINOIS, is a governmental entity within the State of Illinois which funds and in collaboration with the Cook County Sheriff, operates the Cook County Jail and is responsible for accommodating the needs of prisoners at the Cook County Jail. Defendant COOK COUNTY, ILLINOIS, is a necessary party ultimately responsible for Judgment or Settlement. Defendant, COOK COUNTY, ILLINOIS, in conjunction with the Cook County Sheriff is responsible for ensuring all of its facilities, including CCDOC, are in compliance with federal and state law, department or agency policies, rules and regulations and related standards of care.

9. Defendants, COOK COUNTY, ILLINOIS, and THOMAS J. DART, Sheriff of Cook County, are responsible for the implementation of the policies, procedures, practices and customs as well as the acts and/or omissions charged in this Complaint.

10. On or about November 1, 2015 and at all times relevant, Defendant, WESTCARE, contracted with the CCDOC to provide substance abuse treatment to inmates of the CCDOC.

11. Upon information and belief, pursuant to contract, Defendant, COOK COUNTY, ILLINOIS, and/or THOMAS J. DART, Sheriff of Cook County, delegated decision-making powers regarding the care of CCDOC inmates participating the WESTCARE substance abuse program to Defendant WESTCARE.

12. UNKNOWN EMPLOYEES AT COOK COUNTY JAIL are other individuals whose identities are currently unknown, but who were individually responsible for the safety, security and protection of Plaintiff, AHMED MOHAMMED, at the time and place of the occurrence as alleged in Plaintiff's Complaint. At all times relevant to this Complaint, these Defendants were acting under the color of state law, ordinance or regulation and in the course and scope of their employment with Defendants, COOK COUNTY, ILLINOIS, and/or WESTCARE, and their acts and/or omissions caused and/or contributed to the injuries sustained by Plaintiff. The aforementioned UNKNOWN EMPLOYEES AT COOK COUNTY JAIL are sued in their individual and official capacities, Plaintiff will seek leave of the Court to amend this Complaint to insert these Defendants' true names and capacity when the same have been ascertained. Plaintiff will further seek leave of the Court to join these Defendants in these proceedings.

**JURISDICTION AND VENUE**

13. The jurisdiction of the Court is invoked pursuant to the Constitution of the United States, the Civil Rights Act, 42 U.S.C. §1983 and supplementary jurisdiction, codified in 28 U.S.C. §1367(a) to redress the deprivation of rights, privileges and immunities guaranteed by the Eighth and Fourteenth Amendments of the United States Constitution.

14. Venue is proper in the Northern District of Illinois, Eastern Division pursuant to 28 U.S.C. §1391 as the events giving rise to this lawsuit took place in the City of Chicago, County of Cook, State of Illinois, located within the Eastern Division.

## GENERAL FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

15. On or about November 1, 2015, Plaintiff, AHMED MOHAMMED, was an inmate of the Cook County Department of Corrections and a client and/or participant of a certain substance abuse treatment program provided by Defendant, WESTCARE.

16. On or about November 1, 2015, Plaintiff, AHMED MOHAMMED, was housed in Tier 3-C, in the Division 3 Annex, of the Cook County Jail at 2700 S. California Avenue, Chicago, Illinois.

17. On or about November 1, 2015, Defendant, JOE BURNETT, was an inmate of the Cook County Department of Corrections and a client and/or participant of a certain substance abuse treatment program provided by Defendant, WESTCARE

18. On or about November 1, 2015, Defendant, JOE BURNETT, was housed in Tier 3-C, in the Division 3 Annex, of the Cook County Jail at 2700 S. California Avenue, Chicago, Illinois.

19. That on or about November 1, 2015, and for some time prior Tier 3-C, in the Division 3 Annex, of the Cook County Jail was an open-spaced dormitory style setting containing bunk-style beds where the inmates of CCDOC and clients of Defendant WESTCARE slept and spent their daily leisure time.

20. That on or about November 1, 2015, Defendant, JOE BURNETT and Plaintiff, AHMED MOHAMMED, were housed together in the open-spaced dormitory style setting of

Tier 3-C, in the Division 3 Annex, of the Cook County Jail at 2700 S. California Avenue, Chicago, Illinois as inmates of Defendant CCDOC and clients of Defendant WESTCARE.

21. That on November 1, 2015, Defendants, CCDOC and WESTCARE, had knowledge of the substantial risk of serious harm posed to Plaintiff, AHMED MOHAMMED, and others, by allowing Defendant, JOE BURNETT, to be housed in the open-spaced dormitory style living conditions, in that:

a. On June 4, 2015, Defendant, JOE BURNETT, was given a treatment order to undergo an assessment and evaluation and if appropriate, to serve 120 days of Substance Abuse Treatment provided by Defendant, WESTCARE, in Division 3 at the Cook County Jail located at 2700 S. California Avenue, Chicago, Illinois;

b. On or about July 8, 2015, Defendant, JOE BURNETT, was discharged 'Unsuccessful-Disciplinary' from the drug abuse program for a physical altercation with another inmate-client of the WESTCARE Program;

c. on August 14, 2015, Defendant, JOE BURNETT, was ordered to undergo an assessment and evaluation, and if appropriate, to return to Division 3, at the Cook County Jail located at 2700 S. California Avenue, Chicago, Illinois, until further order of the Court;

d. that after August 14, 2015 and prior to September 15, 2015, Defendant, JOE BURNETT, was discharged from the WESTCARE program to a new housing deck due to a violent altercation with another inmate-client;

e. on or about September 15, 2015, Defendant, JOE BURNETT, indicated to an agent and/or employee of Defendants, WESTCARE and/or CCDOC that Defendant, JOE BURNETT, would, "slap the shit out of [another client]";

f. on or about September 14, 2015, and for some time prior thereto, Defendants, WESTCARE and COOK COUNTY, ILLINOIS, had knowledge of many disagreements between Defendant, JOE BURNETT, and other inmates and staff, which included threats of physical violence;

g. on September 15, 2015, Defendant, JOE BURNETT, and an agent and/or employee of Defendant WESTCARE, executed a certain "Behavioral Contract", wherein Defendant, JOE BURNETT, acknowledges violations of CCDOC regulations regarding rules, violations of WESTCARE rules

and regulations and threatening other inmates and clients of Defendant, WESTCARE;

h. prior to the November 1, 2015, Defendants WESTCARE and COOK COUNTY, ILLINOIS, had knowledge of a previous altercation between Defendant, JOE BURNETT and Plaintiff, AHMED MOHAMMAD; and

i. on November 1, 2015, Defendant, JOE BURNETT, deliberately engaged in a physical altercation with another inmate-client of the WESTCARE program in the open-spaced dormitory and was allowed to return without restriction;

22. That on November 1, 2015, at about 1234 hours, Defendant, JOE BURNETT, got out of his designated bunk bed, walked over to the bed where Plaintiff, AHMED MOHAMMAD, was laying down and struck Plaintiff with a closed fist causing Plaintiff to sustain serious and permanent injuries and disfigurement.

23. That the Circuit Court of Cook County treatment orders in no way prohibited Defendants, WESTCARE or COOK COUNTY, ILLINOIS, from disciplining, secluding, segregating or discharging Defendant, JOE BURNETT, from the program or the open-space dormitory style living area of the WESTCARE program.

## COUNT I - EIGHTH AMENDMENT VIOLATION
## FOR CRUEL AND UNUSUAL PUNISHMENT

24. Plaintiff, AHMED MOHAMMED, hereby fully re-alleges and incorporates by reference the factual allegations set forth in Paragraphs 1 through 23 of this Complaint at Law as Paragraph 24 of this Count I as though fully set forth herein.

25. That on November 1, 2015, Defendants, WESTCARE, COOK COUNTY, ILLINOIS, THOMAS J DART, Sheriff of Cook County, and UNKNOWN EMPLOYEES, by and through their agents and/or employees, were responsible for the placement, health, safety and welfare of Plaintiff, AHMED MOHAMMED, as an inmate of the Cook County Jail and Client participating in the Westcare Program.

26. That on November 1, 2015 and prior thereto, Defendants had knowledge of the substantial risk of serious harm to it's clients, including Plaintiff, AHMED MOHAMMED, that housing or otherwise allowing Defendant, JOE BURNETT, to be housed in an open-spaced dormitory style setting.

27. That with deliberate indifference to the known substantial risk of serious harm Defendant, JOE BURNETT, posed to inmates and clients of Defendants, including Plaintiff, AHMED MOHAMMED; Defendants, failed to take reasonable measures to abate or prevent Defendant, JOE BURNETT, from inflicting serious harm in violation of Plaintiff, AHMED MOHAMMED's Constitutional Rights under the Eighth Amendment in one or more of the following ways:

    a. allowing Defendant, JOE BURNETT, to be admitted into the Westcare Program and be housed in an open-spaced dormitory style setting although Defendants knew of the substantial risk of serious harm Defendant, JOE BURNETT, posed to other clients;

    b. failing to monitor Defendant, JOE BURNETT, when Defendants knew monitoring Defendant, JOE BURNETT, was necessary to ensure the safety of clients of the Westcare Program;

    c. failing to discharge, remove or seclude Defendant, JOE BURNETT, from other clients in the Westcare Program after he engaged in acts of physical violence with other Westcare clients and staff;

    d. failing to properly document and/or notify the Court of Defendant, JOE BURNETT's, numerous violent offenses although required by Court Order;

    e. failing to supervise the open-spaced dormitory style setting so as to allow Defendant, JOE BURNETT, to engage in repeated violent acts with Westcare Clients;

    f. otherwise acted or failed to act with deliberate indifference to the known substantial risk of serious harm to Westcare clients, including Plaintiff, AHMED MOHAMMED, posed by Defendant, JOE BURNETT, and failed to take reasonable measures to protect Westcare clients, including Plaintiff from serious harm.

28.    As a direct and proximate result of one or more of the foregoing willful and wanton acts and omissions, Plaintiff, AHMED MOHAMMED, was deprived of his rights, privileges and immunities granted by the Eighth Amendment to the United States Constitution. Additionally, Plaintiff sustained severe and permanent injuries, and was, and will be, hindered and prevented from attending to his usual duties and affairs of life, and has lost and will lose, the value of that time as aforementioned.  Further, Plaintiff suffered great pain and anguish, both in mind and body, and will, in the future, continue to suffer.  Plaintiff further expended and became liable for, and will expend and become liable for large sums of money for medical care and services endeavoring to become healed and cured of said injuries.

WHEREFORE, Plaintiff, AHMED MOHAMMED, by and through his attorney, MARC E. GOTTREICH, seeks judgment in his favor and against Defendants and award damages as follows:

    a.    Compensatory damages;

    b.    Punitive damages as allowed by law and as against Defendant EMPLOYEES in their individual capacity;

    c.    Costs and litigation expenses;

    d.    Reasonable attorneys fees; and

    e.    Such other relief as allowable by law and that this Court deems just.

## COUNT II - VIOLATION OF THE FOURTEENTH AMENDMENT

29.    Plaintiff, AHMED MOHAMMED, hereby fully re-alleges and incorporates by reference the factual allegations set forth in Paragraphs 1 through 28 of this Complaint at Law as Paragraph 29 of this Count II as though fully set forth herein.

30.     That Defendants, WESTCARE, COOK COUNTY, ILLINOIS, THOMAS J. DART, Sheriff of Cook County, and UNKNOWN EMPLOYEES, had an affirmative duty to protect Plaintiff, AHMED MOHAMMED, based upon the limitation which Defendants imposed on Plaintiff's freedom to act on his own behalf while in the involuntary care, custody and control of Defendants and as a client participating in the Westcare Program and inmate in Cook County Jail.

31.     The Defendants had custody of Plaintiff, AHMED MOHAMMED, thereby giving rise to a special relationship imposing an affirmative duty to protect Plaintiff from Defendant, JOE BURNETT, and/or not to act in a willful or reckless manner.

32.     That Defendants affirmatively placed Plaintiff, AHMED MOHAMMED in a position of danger he would not have otherwise faced by housing Plaintiff with Defendant, JOE BURNETT in that Defendants was aware that Defendant, JOE BURNETT had previously engaged in violent behavior and had a habit for doing so.

33.     That prior to the November 1, 2015 incident, Defendants had witnessed and documented prior violence by Defendant, JOE BURNETT, against other clients of the Westcare program.

34.     That Defendants violated Plaintiff, AHMED MOHAMMED's constitutional rights while in their care, custody and control by increasing Plaintiff's risk of harm by ordering him to be housed in an open-spaced dormitory style setting where Defendants knew Plaintiff would be unable to protect himself from the substantial risk of serious harm posed by Defendant, JOE BURNETT.

WHEREFORE, Plaintiff, AHMED MOHAMMED, by and through his attorney, MARC E. GOTTREICH, seeks judgment in his favor and against Defendants and award damages as follows:

a.  Compensatory damages;

b.  Punitive damages as allowed by law and as against Defendant EMPLOYEES in their individual capacity;

c.  Costs and litigation expenses;

d.  Reasonable attorneys fees; and

e.  Such other relief as allowable by law and that this Court deems just.

## COUNT III - RESPONDEAT SUPERIOR

35.  Plaintiff, AHMED MOHAMMED, hereby fully re-alleges and incorporates by reference the factual allegations set forth in Paragraphs 1 through 34 of this Complaint at Law as Paragraph 35 of this Count III as though fully set forth herein.

36.  In committing the acts alleged in the preceding Paragraphs, Defendants UKNOWN EMPLOYEES AT COOK COUNTY JAIL, are or were members and agents of Defendants, COOK COUNTY, ILLINOIS, WESTCARE and/or THOMAS J. DART, Cook County Sheriff, acting at all relevant times on duty and within the scope of their employment with said principals.

37.  Defendant, COOK COUNTY, ILLINOIS, is liable as principal for all torts committed by its agents.

38.  The misconduct described herein was objectively unreasonable and was undertaken with willful and reckless deliberate indifference to the rights of Plaintiff, AHMED MOHAMMED.

39. As a result of the actions and/or omissions of the Defendants, UNKNOWN EMPLOYEES AT COOK COUNTY JAIL, Plaintiff, AHMED MOHAMMED, sustained financial and physical injuries of a personal and pecuniary nature.

WHEREFORE, Plaintiff, AHMED MOHAMMED, by and through his attorney, MARC E. GOTTREICH, seeks judgment in his favor and against Defendants and award damages as follows:

    a.    Compensatory damages;

    b.    Punitive damages as allowed by law and as against Defendant
          EMPLOYEES in their individual capacity;

    c.    Costs and litigation expenses;

    d.    Reasonable attorneys fees; and

    e.    Such other relief as allowable by law and that this Court deems just.

### COUNT IV - INDEMNIFICATION

39. Plaintiff, AHMED MOHAMMED, hereby fully re-alleges and incorporates by reference the factual allegations set forth in Paragraphs 1 through 39 of this Complaint at Law as Paragraph 40 of this Count IV as though fully set forth herein.

40. Illinois Law (745 ILCS §10/9-102) provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment.

41. The Defendants, UNKNOWN EMPLOYEES AT COOK COUNTY JAIL, are or were employees of Defendant, COOK COUNTY, ILLINOIS, and Defendants, WESTCARE and/or THOMAS J. DART, Sheriff of Cook County, and acted at all times relevant on duty and within the scope of their employment in committing the misconduct herein described.

42.     The misconduct described herein was objectively unreasonable and was undertaken with willful and reckless deliberate indifference to the rights of Plaintiff, AHMED MOHAMMED.

43.     As a result of the actions and/or omissions of the Defendants, UNKNOWN EMPLOYEES AT COOK COUNTY JAIL, Plaintiff, AHMED MOHAMMED, sustained financial and physical injuries of a personal and pecuniary nature.

WHEREFORE, Plaintiff, AHMED MOHAMMED, by and through his attorney, MARC E. GOTTREICH, seeks judgment in his favor and against Defendants and award damages as follows:

      a.     Compensatory damages;

      b.     Punitive damages as allowed by law and as against Defendant EMPLOYEES in their individual capacity;

      c.     Costs and litigation expenses;

      d.     Reasonable attorneys fees; and

      e.     Such other relief as allowable by law and that this Court deems just.

## COUNT VI - BATTERY

24.     Plaintiff, AHMED MOHAMMED, hereby fully re-alleges and incorporates by reference the factual allegations set forth in Paragraphs 1 through 23 of this Complaint at Law as Paragraph 24 of this Count VI as though fully set forth herein.

25.     That on or about November 1, 2015, at the time and location as described herein, Defendant, JOE BURNETT, approached Plaintiff, AHMED MOHAMMED, and without any just cause or provocation, willfully, violently, and maliciously battered Plaintiff.

26.     As a direct and proximate result of one or more of the foregoing wrongful acts and omissions, of Defendant, JOE BURNETT, Plaintiff, AHMED MOHAMMED, sustained severe and permanent injuries, and was, and will be, hindered and prevented from attending to his usual duties and affairs of life, and has lost and will lose, the value of that time as aforementioned.  Further, Plaintiff suffered great pain and anguish, both in mind and body, and will, in the future, continue to suffer.  Plaintiff further expended and became liable for, and will expend and become liable for large sums of money for medical care and services endeavoring to become healed and cured of said injuries.

WHEREFORE, Plaintiff, AHMED MOHAMMED, by and through his attorney, MARC E. GOTTREICH, seeks judgment in his favor and against Defendant, JOE BURNETT, and award damages as follows:

a.     Compensatory damages;

b.     Punitive damages as allowed by law and as against Defendant;

c.     Costs and litigation expenses;

d.     Such other relief as allowable by law and that this Court deems just.

### JURY DEMAND

Plaintiff, AHMED MOHAMMED, hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

Respectfully Submitted,

/s/ Marc E. Gottreich

Marc E. Gottreich
311 W. Superior St., Ste. 215
Chicago, Illinois 60654
P:  (312) 943-0600
F:  (312) 943-7133
Attorney No.: 6225057
312crimlaw@gmail.com