IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AHMED MOHAMMED, ) | |
| ) | |
| Plaintiff, ) | No. 17 C 07492 |
| v. ) | |
| ) | Hon. Virginia M. Kendall |
| WESTCARE FOUNDATION, INC., ) | |
| WESTCARE ILLINOIS, INC., JOE ) | |
| BURNETT, THOMAS J. DART, Cook County ) | |
| Sheriff, COOK COUNTY, ILLINOIS, and ) | |
| UNKNOWN EMPLOYEES at Cook County ) | |
| Jail, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Ahmed Mohammed filed suit pursuant to 42 U.S.C. § 1983, Illinois law, and common law against Defendants WestCare Foundation, Inc., WestCare Illinois, Inc. (collectively "WestCare"), inmate Joe Burnett, Thomas J. Dart, Cook County Sheriff ("Sheriff Dart"), Cook County, Illinois ("Cook County"), and unknown employees at Cook County Jail ("unknown employees"). (Dkt. No. 1.) Mohammed seeks damages against WestCare, Cook County, Sheriff Dart, and the unknown employees alleging violations of his Eighth and Fourteenth Amendment rights (Counts I and II); damages pursuant to common law respondeat superior against WestCare, Cook County, or Sheriff Dart as the principals of the unknown employees (Count III); indemnification claims against Cook County, Sheriff Dart and WestCare pursuant to 745 ILCS § 10/9-102 for actions of the unknown employees (Count IV); and common law battery against Joe Burnett (Count V). WestCare seeks dismissal pursuant to Fed. R. Civ. P. 12(b)(6) from Counts I-IV, (Dkt. No. 26); while Sheriff Dart and Cook County seek dismissal pursuant

1

to Fed. R. Civ. P. 12(b)(6) of the § 1983 claims and the respondeat superior claims. (Dkt. No. 12.) For the following reasons the Court grants both motions. [12; 26.]

## BACKGROUND

The facts alleged in the complaint (Dkt. No. 1) are assumed true on a Rule 12(b)(6) motion. *See Vinson v. Vermillion Conty, Ill.*, 776 F.3d 924, 925 (7th Cir. 2015). The following sets forth the facts as favorably to Mohammed as permitted by the complaint.

1. **Parties**

Ahmed Mohammed was incarcerated in the Division 3 Annex of the Cook County Department of Corrections ("CCDOC") facility located at 2700 S. California Avenue in Chicago, Illinois. (Dkt. No. 1, at ¶¶ 1, 16.) Mohammed received substance abuse treatment while incarcerated in the CCDOC. *Id*. ¶ 2. During his treatment at the jail Mohammed was housed in an open-spaced dormitory style setting consisting of bunk-style beds where the inmates receiving treatment slept and spent their daily leisure time. *Id*. ¶¶ 19, 20.

Joe Burnett was also an inmate incarcerated in the Division 3 Annex of the CCDOC facility located at 2700 S. California Avenue during the same period of time. *Id*. ¶ 3. Burnett participated in the same substance abuse program and was housed in the same tier as Mohammed at Cook County Jail. *Id*. ¶¶ 17, 18. Burnett was first placed in the substance abuse program on June 4, 2015, but was discharged for fighting with another inmate on July 8, 2015. *Id*. ¶ 21. He was subsequently re-admitted into the substance abuse program but was again removed after engaging in a violent altercation with another inmate on August 14, 2015. *Id*. He later informed prison officials that he

planned to assault another inmate in September 2015, and was required to sign a "Behavioral Contract" acknowledging the rules established by the CCDOC and WestCare. *Id*. Burnett had a prior physical altercation with Mohammed before the November 1, 2015 incident and also engaged in a physical altercation with another inmate on November 1, 2015, but was allowed to return to the open-space dormitory without restriction. *Id*.

WestCare Foundation Inc. and WestCare Illinois Inc. contracted with the Cook County Jail to provide services including treatment for substance abuse to inmates of the CCDOC. *Id*. ¶¶ 4, 5. Both Mohammed and Burnett participated in the substance abuse program offered by WestCare while incarcerated at Cook County Jail. *Id*.

Sheriff Dart was the duly elected acting Sheriff of Cook County and the chief administrator of the CCDOC responsible for the day-to-day operations of the CCDOC including but not limited to Cook County Jail. *Id*. ¶ 6. His duties included being the commanding officer of all Cook County Sheriff's Deputies, correctional officers and jail employees and he was responsible for their training, supervision, and conduct. *Id*.

At all times relevant to this suit, Cook County, Illinois was a governmental entity within the State of Illinois that funds and operates the Cook Count Jail. *Id*. ¶ 8.

The unknown employees at Cook Count Jail were employees of either Cook County, Illinois by virtue of employment under Sheriff Dart or the Cook Count Jail, or were employed by WestCare. *Id*. ¶ 7.

2. **Events Surrounding November 1, 2015**

On November 1, 2015, Burnett and Mohammed were housed in the open dormitory-style living quarters as participants in the WestCare-provided substance abuse

treatment program located in Tier 3-C of the Division Three Annex at Cook County Jail. *Id*. ¶¶ 15-20. At 12:34 p.m. on November 1, 2015, Mohammad was laying down in his bunk when Burnett approached and punched him causing serious and permanent injuries and disfigurement. *Id*. ¶ 22. Prior to the alleged assault, Burnett had engaged in a physical altercation with another inmate but was allowed to return to the dormitory area. *Id*. ¶ 21.

## **LEGAL STANDARD**

When considering a motion to dismiss under Rule 12(b)(6), the Court accepts as true all facts alleged in the complaint and construe all reasonable inferences in favor of the plaintiff. *Cannici v. Village of Melrose Park*, 885 F.3d 476, 479 (7th Cir. 2018). In doing so the complaint must contain "sufficient factual material, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Plausibility does not mean probability: a court reviewing a 12(b)(6) motion must 'ask itself *could* these things have happened, not *did* they happen.'" *Huri v. Office of the Chief Judge of the Circuit Court of Cook Cnty.*, 804 F.3d 826, 832-33 (7th Cir. 2015) (citing *Swanson v. Citibank*, 614 F.3d 400, 405 (7th Cir. 2010)). In order to satisfy this pleading requirement, the plaintiff must provide enough facts to raise a reasonable expectation that discovery will reveal evidence supporting the allegations. *Olson v. Champaign Cnty.*, 784 F.3d 1093, 1099 (7th Cir. 2015). The Court reviews documents attached to a pleading as part thereof for all purposes "if they are referred to in the plaintiff's complaint and are central to his claim." *188 LLC v. Trinity Industries, Inc.*, 300 F.3d 730, 735 (7th Cir. 2002). In analyzing whether a complaint has met this standard, the

"reviewing court [must] draw on its judicial experience and common sense. *Iqbal*, 556 U.S. at 679.

**DISCUSSION**

Pending are two separate motions to dismiss. The first, filed by WestCare, seeks dismissal for failure to state a claim on the § 1983 claims (Counts I-II), the respondeat superior claim (Count III), and the indemnification claim (Count IV). (Dkt. No. 26.) The second, filed by the State actors Cook County, Illinois and Sheriff Dart, seeks dismissal of Sheriff Dart – both in his personal and official capacities – as to Counts I and II, and dismissal of Cook County as to the respondeat superior claim (Count III). (Dkt. No. 12.) The Court reviews each request below.

**A. Section 1983 Claims**

Mohammed alleges that WestCare and Sheriff Dart were deliberately indifferent to his personal safety in violation of the Eighth and Fourteenth Amendments and actionable under § 1983. The claims against WestCare and Sheriff Dart, in his official capacity, are *Monell*[1] claims; while the claim against Sheriff Dart in his individual capacity is reviewed for personal liability under 42 U.S.C. §1983. Specifically, Mohammed asserts the Defendants exposed him to danger by placing him in an open-spaced dormitory style setting despite having knowledge of a threat posed by another inmate.

    *1. Monell Claims*

Private corporations – such as WestCare Foundation Inc. and WestCare Illinois Inc. – cannot be liable under § 1983 unless "the constitutional violation was caused by an

---

[1] *Monell v. Dept. of Social Servs.*, 436 U.S. 658 (1978) (imposing civil liability pursuant to 42 U.S.C. § 1983 against municipalities and non-individuals).

unconstitutional policy or custom of the corporation itself." *Shields v. Illinois Dept. of Corrections*, 746 F.3d 782, 789, 796 (7th Cir. 2014); *see also Woodward v. Corr. Med. Servs. of Ill., Inc.*, 368 F. 3d 917, 927 (7th Cir. 2004). Although not foreclosed by proof of one's own limited experience, a plaintiff must provide evidence of a true municipal policy at issue, not a random event, in order to establish § 1983 liability. *Grieveson v. Anderson*, 538 F.3d 763, 774 (7th Cir. 2008).

As currently pled, Mohammed fails to identify how his injury was the result of a policy or widespread custom established and maintained by WestCare. His Complaint identifies WestCare as contractually obligated to provide substance abuse treatment for certain inmates housed at Cook County Jail by the CCDOC. (Dkt. No. 1, at ¶ 15.) He further alleges that WestCare had knowledge of the substantial risk fellow inmate Burnett posed based on prior incidents and threats and that WestCare acted with deliberate indifference by permitting Burnett to remain in the same section of Cook County Jail where Mohammed was housed. *Id.* ¶ 21. But he does not identify how WestCare, in being contractually obligated to administer a substance abuse treatment program, was responsible for the particular housing of inmates under its care. The failure to identify a specific WestCare policy or widespread practice related to the movement and housing of inmates is fatal to Mohammed's § 1983 claims against WestCare. *See Woodward*, 368 F.3d at 928 ("[I]t is when execution of [an entity's] … custom … inflicts the injury that the [entity] is responsible under § 1983") (quoting *Monell*, 436 U.S. at 694). Furthermore, Mohammed admits that WestCare is responsible for providing certain aspects of medical care while Cook County is responsible for "the implementation of the policies, procedures, practices and customs" constituting the acts forming the Complaint.

*Id.* ¶¶ 4, 5, 9. Based on Mohammed's failure to identify a policy or widespread practice linking the placement, movement, or housing of inmates to the duties assigned specifically to WestCare, the *Monell* claims against them are dismissed.

As for the *Monell* liability alleged against Sheriff Dart, in his official capacity as the individual in charge of the Cook County Department Sheriff's Office and the Department of Corrections, the complaint fails to allege the existence of any policy, widespread custom, or that Sheriff Dart caused the injury as a person with final policy making authority. *Monell*, 436 U.S. at 694; *see also Chortek v. City of Milwaukee*, 356 F.3d 740, 748-49 (7th Cir. 2004). To demonstrate liability regarding a harmful policy or practice, Mohammed must be able to show that Sheriff Dart was "deliberately indifferent as to known or obvious consequences," *see Gable v. City of Chicago*, 296 F.3d 531, 537 (7th Cir 2002), and that "a reasonable policy maker [would] conclude that the plainly obvious consequences of the [Sheriff's] actions would result in the deprivation of a federally protected right." *Id.* (citing *Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 411 (1997). Alternatively, Mohammed can suggest the existence of a widespread practice by showing a pattern of constitutional violations. *Grieveson*, 538 F.3d 763, 774 (7th Cir. 2008). However doing so usually requires showing more than a single act of misconduct. *See, e.g., Estate of Moreland v. Dieter*, 395 F.3d 747, 760 (7th Cir. 2005) (three incidents of improper pepper-spraying insufficient to show widespread practice). An exception to such a showing falls within the "narrow range of circumstances" whereby deliberate indifference is shown through a "single-incident" theory of liability. *See Connick v. Thompson*, 563 U.S. 51, 63 (2011). However showing deliberate indifference through a single incident requires the "unconstitutional consequences" of a particular policy or

7

practice to be "so patently obvious … without proof a pre-existing pattern of violations" that § 1983 liability is warranted. *Id*. at 64.

Mohammed fails to provide sufficient facts that suggest there was a policy in place whereby Sheriff Dart was deliberately indifferent to a known risk of harm to inmates by placing them in open-style dormitory areas. Additionally, the complaint only identifies Burnett as the single incident where inmates were harmed as a result of this dormitory style housing, and the example provided is not so patently obvious an exhibition of a pattern of violations. Mohammed's Complaint does is factually insufficient by having failed to identify any specific policy that resulted in his injury and further in failing to suggest a widespread pattern that leads to an obvious conclusion of unconstitutional violations against inmates at the jail. Also damning to his claim is Mohammed's failure to identify any meaningful attempts to put prison officials on notice of his belief that he perceived Burnett to be a specific threat. He does not indicate that any complaints or grievances were filed against Burnett, nor does he suggest that any attempts were made to put jail employees on notice of the perceived threat. For these reasons, the *Monell* claim against Sheriff Dart is dismissed.

2. *Individual § 1983 Liability*

Similarly, the complaint fails to allege § 1983 liability against Sheriff Dart in his individual capacity. In order for Sheriff Dart to be personally liable under § 1983, a plaintiff must allege "personal involvement in the alleged constitutional deprivation." *Minix v. Canarecci*, 597 F.3d 824, 831 (7th Cir. 2010). Personal liability includes the need to prove both that the harm to the plaintiff was objectively serious and that the individual defendant was subjectively aware of the risk to him and disregarded that risk.

*Gevas v. McLaughlin*, 798 F.3d 475, 481 (7th Cir. 2015). While there is no dispute that Mohammed suffered serious harm, the complaint lacks factual details necessary to allow the Court to infer that Sheriff Dart was aware of the risk posed by inmate Burnett. Cases alleging the failure to protect generally proceed where a plaintiff can show proof that he complained to prison officials about a specific threat to his safety, *see, e.g., Pope v. Shafer*, 86 F.3d 90, 92 (7th Cir. 1996); and further require the named defendant (Sheriff Dart in this case) to be the prison official who is directly informed of the specific threat. *See, e.g., Haley v. Gross*, 86 F.3d 630, 643 (7th Cir. 1996).

Mohammed provides considerable detail of the threat posed to him by Burnett prior to the assault by outlining his tumultuous history with the substance abuse treatment program – beginning with Burnett's almost immediate expulsion from the program in June 2015 all the way up to an altercation with another inmate on the same day that he assaulted Mohammed in November 2015. (Dkt. No. 1, ¶ 21.) However he does not indicate in any portion of the complaint that his concerns for safety were raised to any prison official, or to any WestCare staff member. Furthermore, Mohammed certainly makes no reference to Sheriff Dart's personal participation, awareness, or his personal knowledge of the threat posed by Burnett. Because the complaint is lacking any plausible evidence that Sheriff Dart contained actual knowledge of a credible and imminent risk of serious harm, he cannot be held liable under § 1983. *DeJesus v. Godinez*, 2017 WL 6539380, at *3 (7th Cir. 2017).

### B. Respondeat Superior Claims

Mohammed raises a respondeat superior claim against WestCare alleging that they are liable for any violations committed by the unknown employees assumingly

employed by WestCare. However, a private corporation cannot be vicariously liable for actions of its agents under § 1983. *See Shields v. Ill. Dept. of Corrections*, 746 F.3d 782, 789. Accordingly, WestCare is dismissed from the respondeat superior claim.

Mohammed also alleges that Cook County and Sheriff Dart are vicariously liable for the actions the unknown employees named as defendants. However, it is well established that there is no vicarious liability against a county for the actions of elected officials and their deputies in their individual capacities. *See Franklin v. Zaruba*, 150 F.3d 682, 685-86 n. 4 (7th Cir. 1998) (citing *Moy v. County of Cook*, 640 N.E.2d 926, 929 (Ill. Ct. App. 1994) (a county is not vicariously liable for acts of the Sheriff or his deputies)). This is also true for supervisors who are named in an attempt to shift liability from employee-tortfeasors in § 1983 actions and so Sheriff Dart also may not be liable under a theory of respondeat superior. *See Monell*, 436 U.S. at 691. Accordingly, Cook County and Sheriff Dart are dismissed from the respondeat superior claim for any acts by the unknown employees acting in their individual capacities.

However, where a plaintiff seeks damages from an independently elected county officer (i.e. a sheriff) in an official capacity, the county becomes an indispensable party to the litigation because it will be responsible for paying any damages that result from the litigation. *See Carver v. Sheriff of LaSalle Cnty., Ill.*, 324 F.3d 947, 948 (7th Cir. 2003). For this reason, Cook County will not be dismissed entirely from the case.

**C. Indemnification Claims**

Illinois law requires a local public entity to pay any tort judgment or settlement for compensatory damages for which it or an employee while acting within the scope of his employment is liable. *See* 745 ILCS 10 §9-102. Based on the Court's decision and

10

the requests of the parties, the unknown employees are still named individual defendants in Mohammed's underlying cause of action. As those individuals may still qualify as "employees" of Cook County and because they still are parties to the § 1983 action (which establishes continued federal question jurisdiction pursuant to 28 U.S.C. § 1331) that may still result in liability, the indemnification claim survives as currently pled.

## CONCLUSION

Based on the foregoing, WestCare's Motion to Dismiss is granted in part and denied in part. [26.] Mohammed's *Monell* claims against WestCare are dismissed without prejudice for failure to state a claim (Counts I and II). WestCare is similarly dismissed with prejudice from Mohammed's respondeat superior claim (Count III). Insofar as any of the unknown employees were employed by WestCare, those indemnification claims will remain against WestCare.

Additionally, Sheriff Dart and Cook County's Motion to Dismiss is also granted in part and denied in part. [12.] The § 1983 claims against Sheriff Dart – both individual and pursuant to *Monell* – are dismissed without prejudice for failure to state a claim (Counts I and II). The respondeat superior claims against Sheriff Dart and against Cook County are dismissed with prejudice. Finally, the indemnification claims survive to the extent that they pertain to Cook County upon any determination as to who employed the unknown employees.

Untouched are the battery claim (Count V) against Burnett; the § 1983 claims against the unknown employees (Counts I and II); and the indemnification claim depending on who employed the unknown employees (Count IV).

_____
Hon, Virginia M. Kendall
United States District Judge

Date: May 25, 2018