IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AHMED MOHAMMED,<br><br>*Plaintiff,*<br><br>v.<br><br>WESTCARE FOUNDATION, INC., WESTCARE ILLINOIS, INC., JOE BURNETT, THOMAS J. DART, Cook County Sheriff, COOK COUNTY, ILLINOIS, and, UNKNOWN EMPLOYEES AT COOK COUNTY JAIL,<br><br>*Defendants.* | No. 17 C 07492<br><br>Judge Virginia M. Kendall |

## MEMORANDUM OPINION AND ORDER

Ahmed Mohammed filed this action seeking relief under 42 U.S.C. § 1983, Illinois law, and common law against Defendants WestCare Foundation, Inc., WestCare Illinois, Inc. (collectively "WestCare"), inmate Joe Burnett ("Burnett"), Thomas J. Dart, Cook County Sheriff ("Sheriff Dart"), Cook County, Illinois ("Cook County"), and unknown employees at Cook County Jail ("unknown employees"). (Dkt. 1). Mohammed sought damages against WestCare, Cook County, Sheriff Dart, and the unknown employees alleging violations of his Eight and Fourteenth Amendment Rights (Counts I and II); damages pursuant to common law respondeat superior against WestCare, Cook County, or Sheriff Dart as the principals of the unknown employees (Count III); indemnification claims against Cook County, Sheriff Dart and WestCare pursuant to 745 ILCS § 10/9-102 for actions of the unknown employees (Count IV);

and common law battery against Joe Burnett (Count V). Following motions to dismiss on behalf of the WestCare and Cook County defendants, Counts I and II remained only against the unknown employees, Count IV remained depending on who employed the unknown employees, and Count V remained untouched. (Dkt. 34). WestCare and Cook County now bring a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) on the grounds that Mohammed's remaining claims are time barred by the statute of limitations. (Dkts. 38 and 41). On November 13, 2018, after WestCare and Cook County filed their motions for judgment on the pleadings, Mohammed filed a motion to extend fact discovery. (Dkt. 48). Defendants' motions for judgment on the pleadings are granted with prejudice. Mohammed's motion to extend fact discovery is denied. On the Court's own motion, the claim against Burnett is dismissed without prejudice consistent with Fed. R. Civ. P. 4(m).

## BACKGROUND

In reviewing the parties' motions for judgment on the pleadings, the Court accepts the allegations laid out in the complaint as true. *See Harrison v. Deere & Co.*, 533 F.App'x 644, 647 (7th Cir. 2013).

On November 1, 2015, Mohammed was an inmate of the Cook County Department of Corrections. (Dkt. 1 at ¶ 15). At that time, Mohammed was housed in an "open-spaced dormitory style setting" with other inmates, including Joe Burnett. (*Id.* at ¶ 20). Both Mohammed and Burnett were participants of a substance abuse treatment program provided by WestCare. (*Id.* at ¶¶15, 17). As of November 1, 2015, Burnett had a history of threatened and actual altercations while in Cook County

custody. (*Id.* at ¶ 21). Around 12:00 p.m. on November 1, 2015, Burnett approached Mohammed, who was in his bunk, and struck him "with a closed fist causing [Mohammed] to sustain serious and permanent injuries and disfigurement." (*Id.* at ¶ 22).

Mohammed, through retained counsel, filed his complaint on October 17, 2017, just two weeks prior to the two-year anniversary of the alleged wrongdoing. (Dkt. 1). As mentioned above, the parties engaged in briefing on defendants' motions to dismiss which the Court granted in part and denied in part. (Dkt. 34). The parties filed a joint initial status report on January 5, 2018 in which they represented to the Court that no discovery had been undertaken by either party at that point—nearly three months after the filing of the complaint. (Dkt. 18). On May 15, 2018, the Court ordered fact discovery to be completed by October 12, 2018. (Dkt. 33). On May 25, 2018, the Court ordered Mohammed to file an amended complaint by June 15, 2018. (Dkt. 34). Mohammed did not file an amended complaint by June 15 and has yet to do so. Cook County and WestCare filed motions for judgment on the pleadings on October 22 and 24, 2018, respectively. (Dkts. 38 and 41). On November 13, 2018, one month after the end of fact discovery, one day before the motions for judgment on the pleadings would be fully briefed, and one day prior to the end of fact discovery status hearing, Mohammed filed a motion for extension of time to complete discovery. (Dkt. 48). At a status hearing on November 14, 2018, Mr. Arroyo, on behalf of Mohammed, indicated in open court that no discovery efforts had been undertaken up to that time.

## STANDARD OF REVIEW

Rule 12(c) allows parties to move for a judgment based on the content of the pleadings after both the complaint and answer have been filed. *See* Fed. R. Civ. P. 12(c); *Hayes v. City of Chicago,* 670 F.3d 810, 813 (7th Cir. 2012). Rule 12(c) motions are reviewed under the same standards that apply to Rule 12(b)(6) motions. *See Richards v. Mitcheff,* 696 F.3d 635, 637-38 (7th Cir. 2012). The Court accepts all well-pleaded allegations in the complaint as true and draws all reasonable inferences in favor of the non-moving party. *Id.* The Court "need not ignore facts set forth in the complaint that undermine the plaintiff's claim or give weight to unsupported conclusions of law." *Buchanan-Moore v. County of Milwaukee,* 570 F.3d 824, 827 (7th Cir. 2009). The Court may consider the pleadings alone, including the complaint, the answer, and any documents attached thereto. *See Northern Ind. Gun & Outdoor Shows, Inc. v. City of South Bend,* 163 F.3d 449, 452 (7th Cir. 1998).

## DISCUSSION

The statute of limitations for claims brought under 42 U.S.C. § 1983 is governed by the forum state's statute of limitations period for personal injury claims. *Williams v. Lampe,* 399 F.3d 867, 870 (7th Cir. 2005). Illinois law provides a two-year statute of limitations for personal injury claims. 735 Ill. Comp. Stat. 5/13-202. Therefore, the statute of limitations for Mohammed's personal injury claims was up on November 1, 2017. The parties agree that the statute of limitations has run on Mohammed's claims against the unknown employees named in the complaint. However, the remaining issue is whether the doctrines of equitable tolling or equitable

estoppel should apply here as to Mohammed's claims against the unknown employees. Parties are not able to use unknown or "John Doe" defendants to extend the statute of limitations indefinitely. "A plaintiff's lack of knowledge about a defendant's identity is not a 'mistake' within the meaning of Federal Rule of Civil Procedure 15(c) such that the plaintiff could amend his complaint outside the statute of limitations period upon learning the defendant's identity … Accordingly, once the statute of limitations period expires, [Plaintiff] cannot amend his complaint to substitute a new party in place of 'John Doe.'" *Gomez v. Randle,* 680 F.3d 859, 864, n.1 (7th Cir. 2012) (internal citation omitted). Mohammed bears the burden of determining the proper parties responsible for his injuries and doing so before the statute of limitations runs. *Hall v. Norfolk Southern Ry. Co,* 469 F.3d 590, 595 (7th Cir. 2006).

**I. Equitable Considerations**

Equitable tolling would allow Mohammed to file a claim against the unknown employees after the expiration of the statute of limitations only if he could demonstrate that he was unable to do so within the statutory time period "despite the exercise of 'reasonable diligence.'" *Hines v. City of Chicago,* 91 F. App'x 501, 502-03 (7th Cir 2004) (quoting *Wilson v. Battles,* 302 F.3d 745, 748 (7th Cir 2002)). While a precise definition of "reasonable diligence" may prove elusive, the Court can turn to prior cases as guideposts in its determination. "[I]t is imperative that the plaintiff also help himself by filing his lawsuit as promptly as possible and then expeditiously engaging in the give-and-take that often is necessary to identify the proper defendant officer from among the hundreds of employees who work at the facility where the

plaintiff is incarcerated." *Barwicks v. Dart,* 2016 WL 3418570, at *6 (N.D. Ill. June 22, 2016). The Illinois Supreme Court provides that "[e]quitable tolling ... may be appropriate if the defendant has actively misled the plaintiff, or if the plaintiff has been prevented from asserting his or her rights in some extraordinary way." *Clay v. Kuhl,* 189 Ill.2d 603, 614 (2000). "Extraordinary barriers include legal disability, an irredeemable lack of information, or situations where the plaintiff could not learn the identity of proper defendants through the exercise of due diligence." *Thede v. Kapsas,* 386 Ill.App.3d 396, 403 (Ill. App. Ct. 2008).

For his part, Mohammed argues, without any documentation or support, that the statute of limitations should be equitably tolled because "there has been a FOIA request, video footage obtained and plaintiff filed several inmate grievance requests which were either not responded to, responded incomplete, or declined to be acknowledged and illegible." (Dkt. 46). Mohammed also cites to Defendants' failure to comply with mandatory initial disclosures as justification for his failure to name the unknown employees. (*Id.*) Defendants' shortcomings fall far short of being classified as an "extraordinary" barrier to Mohammed's ability to comply with the statute of limitations. Plaintiff has failed to cite to any affirmative steps taken by either WestCare or Cook County that have prevented him from obtaining the identity of the unknown employees. None of the required extraordinary barriers exist in this case as Plaintiff has only pointed to a general lack of responsiveness to administrative grievances.

Mohammed bears the burden of prosecuting his case—a burden he has failed to carry nearly every step of the way. *See Hall,* 469 F.3d at 595. The record of the

litigation belies Plaintiff's contention that he engaged in "all reasonable efforts[] to identify the names of the individual employees responsible for his alleged deprivation of constitutional rights." Mohammed, who was represented by his own lawyer, filed his complaint with just two weeks to spare before the statute of limitations ran. (Dkt. 1). With full knowledge that the clock was ticking, plaintiff's counsel sat idly by as November 1, 2017 came and went. Approximately two and a half months after the complaint was filed, the parties' joint initial status report stated that discovery had still not begun. After a ruling on defendants' motion to dismiss, the Court ordered Mohammed to file an amended complaint by June 15, 2018. Like the statute of limitations deadline before it, this court-imposed deadline came and went without any action by plaintiff's counsel. At the end of fact discovery status hearing, plaintiff's counsel reported that as of November 14, 2018, over three years from the alleged incident and more than a year after the passing of the statute of limitations, the parties had not engaged in any discovery.

Mohammed's actions throughout this litigation fall far short of any definition of "reasonable diligence" that would land him within the safe harbor of equitable tolling. While plaintiff may have engaged in some sort of extrajudicial investigation prior to the filing of his complaint, it is undisputed that no legally significant discovery has taken place since the outset of this case on October 17, 2017. Perhaps the bare minimum and most reasonable course of action would have been for Mohammed to file a motion to compel. *See e.g., Gonzalez v. Obaisi,* 2016 WL 7238814, at *6 (N.D. Ill. Dec. 13, 2016) ("there is no reason to believe that Plaintiff could not have filed a motion to

compel…"); *Dandridge v. Cook Cty.,* 2013 WL 3421834, at *6 (N.D. Ill. July 8, 2013) ("But Plaintiff's argument starts with the faulty premise that FOIA is a discovery tool … Plaintiff's counsel decision to use FOIA, rather than to file a suit or use multiple other available avenues … to identify the proper defendants, is not the fault of Defendants."); *see also Terry v. Chicago Police Dep't,* 200 F. Supp. 3d 719, 724-27 (N.D. Ill. Sept. 27, 2016). In order for equitable tolling to be applicable, "the statute of limitations [must have] expired through no fault or lack of diligence" on Mohammed's part. *Singletary v. Cont'l Ill. Nat'l Bank & Trust Co. of Chicago*, 9 F.3d 1236, 1241 (7th Cir.1993).

The Seventh Circuit has addressed a strikingly similar set of factual circumstances in *Hines v. City of Chicago* and ultimately concluded the claims were barred, while at the same time addressing and disposing of an argument advocating for the application of equitable estoppel:

> The doctrine of equitable tolling allows a plaintiff to file a claim after the statute of limitations has expired, but only if she was unable to do so earlier despite the exercise of "reasonable diligence." *See Wilson v. Battles*, 302 F.3d 745, 748 (7th Cir.2002); *Singletary v. Cont'l Ill. Nat'l Bank and Trust Co. of Chicago*, 9 F.3d 1236, 1242 (7th Cir.1993). To show that they diligently tried to find out the names of the officers, the plaintiffs in this case point to a series of requests they made to officials in the Chicago Police Department between December 2000 and July 2001. The officials were unresponsive, either ignoring the plaintiffs' letters, referring them to other department officials, or refusing outright to provide the information. The plaintiffs finally got the information not from the police department but from the City's corporation counsel, in response to a subpoena issued in July 2002. They added the officers' names to the complaint soon thereafter.
>
> The district court dismissed the claim against the officers, concluding that the plaintiffs had not been reasonably diligent. We agree. The method that finally uncovered the officers' names—the use of discovery

> after the filing of the lawsuit—was available to the plaintiffs long before the statute of limitations expired. *See Donald v. Cook County Sheriff's Dep't*, 95 F.3d 548, 555 & n. 3 (7th Cir.1996) (discussing the use of discovery to identify unknown defendants) .... [Plaintiffs] have not explained why they failed to take advantage of discovery until July 2002.
>
> Instead, the plaintiffs argue that the City's failure to respond to their earlier requests, and its failure to identify the officers in its answer to the original complaint, should estop it from raising the statute-of-limitations defense on behalf of the officers. We addressed an almost identical argument in *Ashafa v. City of Chicago*, 146 F.3d 459 (7th Cir.1998). As here, the plaintiff in *Ashafa* wished to bring a § 1983 claim against unknown police officers, but was unable to get the police department to release their names. In rejecting Ashafa's equitable-estoppel argument, we noted that the doctrine "requires that a defendant take active steps" to delay or prevent the filing of a suit, "such as destruction of evidence or promises not to plead the statute of limitations as a defense," *id.* at 462. The plaintiff must also show "that he actually and reasonably relied on the [defendant's] misconduct," *id.* at 463. In this case, the City did nothing more than refuse to release the officers' names. We do not see how this can have induced the plaintiffs to delay filing their suit; if anything, it put the plaintiffs on notice that they needed to file suit promptly in order to obtain the names through discovery.
>
> The plaintiffs failed to take timely advantage of available discovery procedures to find out the names of the police officers. And although the City did not fully cooperate with the plaintiffs' other investigative efforts, it did not take any active dissuasive steps on which the plaintiffs can be said to have relied.

*Hines,* 91 Fed.Appx. at 502-03.

Like the litigants in *Hines* and its referenced cases, Mohammed failed to take advantage of various discovery tools (e.g., a motion to compel) at his disposal for an extended period of time. There is little question that plaintiff comes to this court bearing a significant portion of fault in allowing the statute of limitations to lapse without naming the unknown employees. While Mohammed correctly points out that WestCare and Cook County did not fulfill certain discovery obligations, such an

argument is a double-edged sword, as it only serves to highlight his neglect in prosecuting the case he brought. This, paired with a record devoid of reasonable diligence despite extensive opportunity, leads this court to the conclusion that equitable tolling is not appropriate here.

Relatedly, Mohammed argues that WestCare and Cook County should be barred from arguing the statute of limitations has run based on the doctrine of equitable estoppel. "[I]n order to invoke equitable estoppel, a plaintiff must show not only misconduct by the defendants, but also that he actually and reasonably relied on the misconduct." *Ashafa v. City of Chicago,* 146 F.3d 459, 463 (7th Cir. 1998). "In essence, equitable estoppel focuses on whether the defendant acted *affirmatively* to stop or delay the plaintiff from bringing suit within the limitations period." *Smith v. City of Chicago Heights,* 951 F.2d 834, 841 (7th Cir. 1992). "It requires that a defendant take active steps such as destruction of evidence or promises not to plead the statute of limitations as a defense." *Id.* at 462. Additionally, plaintiff must have exercised due diligence for equitable estoppel to apply. *Shropshear v. Corporation Counsel of the City of Chicago,* 275 F.3d 593, 595 (7th Cir. 2001). In *Ashafa,* the Seventh Circuit declined to find that a failure to disclose information amounted to affirmative steps to delay the plaintiff in carrying out his case. *See Ashafa,* at 463-464. Here, Mohammed simply has not identified any affirmative actions that defendants took to delay or prevent him in carrying out his case, much less that he actually relied on such actions. The record is devoid of actions that would rise to the level of destroying evidence or an overt promise not to raise the statute of limitations as a defense. The

Court does not excuse the inaction of the Defendants in this matter and in no way did they operate as model parties to this litigation; however, equitable estoppel requires affirmative actions on the part of the defendant. *See Ashafa,* 146 F.3d at 462. Therefore, equitable estoppel is not appropriate in this case. Mohammed did not exhibit the required diligence and the defendants did not engage in active steps to prevent Mohammed in prosecuting his case. At any time, Mohammed could have utilized a variety of discovery tools to obtain the necessary information before the statute of limitations ran.

## II. Plaintiff's Motion to Extend Fact Discovery

Plaintiff filed a motion for extension of time to complete fact discovery on November 13, 2018, over a year from the commencement of this litigation and more than a month after the close of fact discovery. The Federal Rules provide: "A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16. Similarly: "When an act may or must be done within a specified time, the court may, for good cause, extend the time … (B) on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b); *see Brosted v. Unum Life Ins. Co. of America,* 421 F.3d 459, 464 (7th Cir. 2005). As the Seventh Circuit has cautioned litigants: "[I]gnoring deadlines is the surest way to lose a case. Time limits coordinate and expedite a complex process; they pervade the legal system, starting with the statute of limitations. Extended disregard of time limits (even the non-jurisdictional kind is ruinous." *Henderson v. Bolanda,* 253 F.3d 928, 933 (7th Cir. 2001). This sentiment rings true here as plaintiff's repeated disregard for

deadlines has doomed core components of his case. Mohammed's motion for extension of time offers no explanation for his utter failure to generate any discovery or his significant delay in seeking an extension. Plaintiff has certainly neglected this case, but such neglect is not excusable here where he has shown a complete lack of initiative in pursuing his claims. Plaintiff's counsel's busy schedule is insufficient in overcoming this hurdle. *Keeton v. Morningstar, Inc.,* 667 F.3d 877, 883 (7th Cir. 2012). Because of his dilatory approach to this matter and failure to carry his burden of demonstrating excusable neglect, the motion for extension of time to complete fact discovery is denied.

Finally, the Court addresses a lingering issue regarding the battery claim (Count V) against Burnett. Summons was issued as to Joe Burnett on October 31, 2017 with alias summons issued on March 5, 2018, April 10, 2018, and May 29, 2018. Service was never made on Burnett and he has never filed an appearance on the docket. "If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4. 90 days from October 17, 2017, the filing of the complaint, was January 15, 2018. As permitted by the Rules, the Court addresses the issue on its own motion. "[I]f good cause is not shown, the court has a choice between dismissing the suit and giving the plaintiff more time ("direct that service be effected within a specified time") … Thus the plaintiff who

fails to demonstrate good cause for his delay throws himself on the mercy of the district court." *United States v. McLaughlin*, 470 F.3d 698, 700 (7th Cir. 2006) (internal citations omitted). The case now sits one year past the final date to comply with service and Mohammed has apparently made no attempts at serving Burnett in seven months. In the absence of any good cause to excuse such non-compliance, the Court dismisses Count V.

## **CONCLUSION**

For the foregoing reasons, WestCare and Cook County's motions for judgment on the pleadings are granted and the remaining counts against WestCare, Cook County, and the unknown employees are dismissed with prejudice. Mohammed's motion to extend fact discovery is denied. Addressing the issue s*ua sponte*, the Court dismisses the count against Joe Burnett without prejudice.

_____
Virginia M. Kendall
United States District Judge

Date: January 23, 2019